UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————————————————X

GLD, an infant, by her mother and natural guardian, GD, and GD,
individually,

                                 Plaintiffs,

                          -against-

THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT
OF HOUSING PRESERVATION AND DEVELOPMENT, NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES, NYC HUMAN RESOURCES
ADMINISTRATION, THE ADMINISTRATION OF CHILDREN SERVICES,
LAM/KM/MK, known by various aliases, an individual agent, servant
And/or employee, representative or contractor of the named defendants,
CHILDREN'S RESCUE FUND, UNIVERSITY HOLDINGS LLC, ABC
CORPORATIONS 1-12, XYZ CORPORATIONS 1-12, JANE DOES 1-12 and
JOHN DOES 1-12,

                               Defendants.

————————————————————————————————————X

**Case No.:**
**19 CV 04314**

**FIRST AMENDED**
**COMPLAINT**
**with**
**JURY DEMAND**

Plaintiffs **GLD**, by her mother and natural guardian, **GD**, and **GD**, individually, by their

attorneys, **The Mandel Law Firm**, allege, upon information and belief, as follows:

### Preliminary Statement

This civil rights civil action for bodily injuries and other damages arises under the

Fourteenth Amendment to the United States Constitution, the Civil Rights Act of 1871, the

Americans with Disabilities Act of 1990, 42 U.S.C §12101, et seq. ["ADA"], §504 of the

Rehabilitation Act of 1973, 29 U.S.C. §794, the Education Amendments of 1972, 20 U.S.C.

§1681(a), et. seq. ["Title IX"], 42 U.S.C. §1983, 42 U.S.C. §1988, 42 U.S.C. §1331, 42 U.S.C.

§1343(3), 28 U.S.C. §1367(a) and Article III of the United States Constitution, in addition to

other applicable federal and New York State law.

On February 13, 2018, infant plaintiff, **GLD**, a developmentally-disabled minor, suffered a physical assault, sexual assault and molestation while at her family's residential apartment and home located at 1805 University Avenue, Apt. 3D, Bronx NY 10453, which assault was perpetrated, upon information and belief, by defendant **LAM/KM/MK** said individual is known by various names and/or aliases,  an agent, servant and/or employee, representative or contractor of the above-named defendants, while in the course and scope of his employment with, upon information and belief, the defendant **Children's Rescue Fund**, a contractor of defendants **The City of New York**, defendant **Department of Homeless Services** and/or one or more of the New York City and New York State agencies, authorities, departments, divisions or other entities named as defendants in this complaint.

Upon information and belief, defendant **LAM/KM/MK** (known by three different names/aliases) currently is charged with additional crimes.  His actual names and/aliases are or will be made known to defense counsel but have not been listed in plaintiffs' First Amended Complaint given the aforesaid criminal complaints and because this case remains under seal.

The subject home and apartment is owned by defendant **University Holdings LLC** and apparently leased or rented, to defendant **The City of New York** and one or more of the defendant New York City and New York State agencies, authorities, departments, divisions or other entities named in this complaint, pursuant to written agreement or otherwise. The extent to which defendants are responsible for the security, operation, maintenance, management and control of the subject home and apartment has yet to be ascertained.

Plaintiffs further allege that, on February 13, 2018 and for several days thereafter, infant plaintiff **GLD** was improperly removed by, and detained in the custody and control of, the defendant, **The City of New York** and one or more of the defendant New York City and New

York State agencies, authorities, departments, divisions or other entities named in this complaint, which defendants were careless, negligent and reckless in failing to properly care for and control the infant plaintiff, **GLD**, thereby causing, permitting or otherwise allowing her to wander from the premises where she had been detained on one or multiple occasions; and in further refusing or neglecting to notify the infant plaintiff's mother, plaintiff **GD**, and family. Upon information and belief, she may have suffered further physical assault, sexual assault and molestation while without supervision during her time in temporary custody.

Plaintiffs further allege that, at all times relevant, defendants **The City of New York** and the defendant New York City and New York State agencies, authorities, departments, divisions or other entities named in this complaint, by their agents, servants and employees, were negligent, careless and reckless and/or deliberately indifferent to the physical and sexual assault(s) endured by the infant plaintiff **GLD** and/or others, despite having actual and/or constructive notice that same had occurred and/or were ongoing.

Plaintiffs further allege that defendants' established custom & practice, regulations, guidelines, standard operation procedures and protocols either caused or substantially contributed to the assault(s) endured by **GLD**, and that the failure to adequately supervise, control and care for the infant plaintiff, **GLD**, despite having improperly taking her from her mother, plaintiff **GD**, and family, given all the attendant circumstances, was in violation of her civil rights, as are more specifically set forth below.

Jurisdiction and Venue

1. This Honorable Court has jurisdiction over the above-captioned civil action pursuant to the Fourteenth Amendment to the United States Constitution, the <u>Civil Rights Act of 1871</u>, the <u>Americans with Disabilities Act or 1990</u>, 42 U.S.C §12101, et seq. ["ADA"],

3

§504 of the <u>Rehabilitation Act of 1973</u> and 29 U.S.C. §794, the <u>Education Amendments of 1972</u>, 20 U.S.C. §1681(a), et. seq. ["Title IX"].

2.  This Honorable Court also has jurisdiction over the above-captioned civil action pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988, 42 U.S.C. §1331, 42 U.S.C. §1343(3), Article III of the United States Constitution and supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

3.  Venue in this Honorable Court is proper, pursuant to 28 U.S.C. §1396(b), in that all parties either reside, are incorporated and/or transact or do business in the City and State of New York.

4.  At all times relevant, plaintiffs were and still are residents of Bronx County, in the City and State of New York.

5.  Upon information and belief, at all times relevant, all defendants are either entities incorporated, transacting or doing business in the City and/or State of New York or persons residing in the City and/or State of New York.

## Parties

6.  At all times relevant, the infant plaintiff **GLD**, was and still is, entitled to special education and related services under the <u>Individuals with Disabilities Education Improvement Act</u>, 20 U.S.C. §1400, et. seq. ["IDEIA"] and is so-designated pursuant to New York State law and New York City Department of Education procedures and guidelines; and, as such, is considered "intellectually disabled."

7.  At all times relevant, the infant plaintiff **GLD**, by reason of age, infirmities, intellectual disability, physical and cognitive disabilities & deficits and otherwise, is not capable or

4

understanding and appreciating many risks and dangers associated with her environment and activities, including prohibited social situations and sexual activities.

8.  Plaintiff **GD** is the mother and natural guardian of plaintiff **GLD** as well as her sole legal guardian.

9.  At all times relevant, defendant **The City of New York** ["The City"] was and still is a municipal corporation duly-organized and existing pursuant to the laws of the State of New York.

10. At all times relevant, defendant **New York City Department of Housing Preservation and Development** ["HPD"], was and still is a department, division, agency, subsidiary or other such entity of defendant, **The City of New York**, a municipal corporation duly-organized and existing pursuant to the laws of the State of New York.

11. At all times relevant, defendant **NYC Department of Homeless Services** ["DHS"], was and still is a department, division, agency, subsidiary or other such entity of defendant, **The City of New York**, a municipal corporation duly-organized and existing pursuant to the laws of the State of New York.

12. At all times relevant, defendant **NYC Human Resources Administration** ["HRA"], was and still is a department, division, agency, subsidiary or other such entity of defendant, **The City of New York**, a municipal corporation duly-organized and existing pursuant to the laws of the State of New York.

13. At all times relevant, defendant **Administration for Children's Services ["ACS"]**, was and still is a department, division, agency, subsidiary or other such entity of defendant, **The City of New York**, a municipal corporation duly-organized and existing pursuant to the laws of the State of New York.

14. At all times relevant, defendants and/or their contractors, retained, hired or otherwise employed defendant **LAM/KM/MK** as an agent, servant and/or employee, representative or contractor, to work within New York City's municipal government.

15. At all times relevant, defendant **Children's Rescue Fund** is and was a New York 501 (C) (3) not-for-profit organization, non-profit corporation or other entity retained by defendants **The City of New York, NYC Department of Homeless Services** and/or other agencies, departments named as defendants in this civil action, by written agreement or otherwise, to perform various services to homeless persons and families.

16. At all times relevant, defendant **University Holdings LLC** is and was a New York corporation, limited liability corporation and/or other entity and the owner of 1805 University Avenue, Apt. 3D, Bronx NY 10453 and responsible for the ownership, management, maintenance, control and security of the subject premises and apartment.

17. At all times relevant, defendants retained, hired or otherwise employed defendants **ABC Corporations, 1-12** and **XYZ Corporations 1-12**, said names being fictitious, as independent contractors, contractors, subcontractors, managers, agents, agencies or other entities to work within New York City's municipal government.

18. At all times relevant, defendants retained, hired or otherwise employed defendants **Jane Does 1-12** and **John Does 1-12**, said names being fictitious, as agents, servants and/or employees, representatives or contractors to work within the New York City municipal government.

Notice of Claim

19. On or about May 10, 2018, two (2) separate Personal Injury Claim Forms [a "notice of claim"] were timely served upon **The City** on behalf of plaintiffs and in compliance with

the applicable provisions of the General Municipal Law.  Annexed as "Exhibit A," and incorporated herein by reference, are copies of those notices of claim.

20. The aforesaid notices of claim were timely served upon The City within ninety (90) days after the claims accrued and more than thirty (30) days have elapsed since the service of the aforesaid notice of claim; and, despite the timely notices of claim, defendant **The City** has, to date, refused or neglected to pay, adjust, compromise or otherwise settle plaintiffs' claims.

21. This civil action is commenced within one-year-and-ninety-days after the claims accrued and plaintiffs have complied with all conditions precedent for instituting this civil action against **The City**.

22. On or about May 10, 2018, two (2) separate Personal Injury Claim Forms [a "notice of claim"] were timely served upon defendant **HPD** on behalf of plaintiffs and in compliance with the applicable provisions of the General Municipal Law.  Annexed as "Exhibit B," and incorporated herein by reference, are copies of those notices of claim.

23. The aforesaid notices of claim were timely served upon defendant **HPD** within ninety (90) days after the claims accrued and more than thirty (30) days have elapsed since the service of the aforesaid notice of claim; and, despite the timely notices of claim, defendant **HPD** has, to date, refused or neglected to pay, adjust, compromise or otherwise settle plaintiffs' claims.

24. This civil action is commenced within one-year-and-ninety-days after the claims accrued and plaintiffs have complied with all conditions precedent for instituting this civil action against **HPD**.

25. On or about May 10, 2018, two (2) separate Personal Injury Claim Forms [a "notice of claim"] were timely served upon defendant **DHS** on behalf of plaintiffs and in

compliance with the applicable provisions of the General Municipal Law. Annexed as "Exhibit C," and incorporated herein by reference, are copies of those notices of claim.

26. The aforesaid notices of claim were timely served upon defendant **DHS** within ninety (90) days after the claims accrued and more than thirty (30) days have elapsed since the service of the aforesaid notice of claim; and, despite the timely notices of claim, defendant **DHS** has, to date, refused or neglected to pay, adjust, compromise or otherwise settle plaintiffs' claims.

27. This civil action is commenced within one-year-and-ninety-days after the claims accrued and plaintiffs have complied with all conditions precedent for instituting this civil action against **DHS**.

28. On or about May 10, 2018, two (2) separate Personal Injury Claim Forms [a "notice of claim"] were timely served upon defendant **HRA** on behalf of plaintiffs and in compliance with the applicable provisions of the General Municipal Law. Annexed as "Exhibit D," and incorporated herein by reference, are copies of those notices of claim.

29. The aforesaid notices of claim were timely served upon defendant **HRA** within ninety (90) days after the claims accrued and more than thirty (30) days have elapsed since the service of the aforesaid notice of claim; and, despite the timely notices of claim, defendant **HRA** has, to date, refused or neglected to pay, adjust, compromise or otherwise settle plaintiffs' claims.

30. This civil action is commenced within one-year-and-ninety-days after the claims accrued and plaintiffs have complied with all conditions precedent for instituting this civil action against **HRA**.

31. On or about May 10, 2018, two (2) separate Personal Injury Claim Forms [a "notice of claim"] were timely served upon defendant **ACS** on behalf of plaintiffs and in

compliance with the applicable provisions of the General Municipal Law.  Annexed as "Exhibit E," and incorporated herein by reference, are copies of those notices of claim.

32. The aforesaid notices of claim were timely served upon defendant **ACS** within ninety (90) days after the claims accrued and more than thirty (30) days have elapsed since the service of the aforesaid notice of claim; and, despite the timely notices of claim, defendant **ACS** has, to date, refused or neglected to pay, adjust, compromise or otherwise settle plaintiffs' claims.

33. This civil action is commenced within one-year-and-ninety-days after the claims accrued and plaintiffs have complied with all conditions precedent for instituting this civil action against **ACS**.

### Allegations Common to All Counts

34. Plaintiffs repeat and reiterate each and every prior allegation as if set forth herein at length.

35. At all times relevant, **GLD**, a developmentally-disabled minor, did reside and resides with her mother and natural guardian, **GD**, in The Bronx, NY.

36. At all times relevant, plaintiffs are and were residents, tenants, recipients of public assistance and New York City residents otherwise participating in the New York City public housing system created, owned, operated, managed, supervised and controlled by defendants.

37. At all times relevant, defendants are and were under a duty to plaintiffs, and are and were responsible for the direction, strategies, functions, initiatives, activities, budgeting, funding, management, supervision, operations, logistics and oversight of the public housing, public shelter and homeless services provided to New York City residents, such as plaintiffs.

38. At all times relevant, upon information and belief, infant plaintiff **GLD** was and is a qualified individual with a disability pursuant to the <u>Americans with Disabilities Act or 1990</u>, 42 U.S.C §12101, et seq. ["ADA"], §504 of the <u>Rehabilitation Act of 1973</u>, 29 U.S.C. §794 and the <u>Education Amendments of 1972</u>, 20 U.S.C. §1681(a), et. seq. ["Title IX"].

39. At all times relevant, defendants have acknowledged, and continue to expressly acknowledge, that infant plaintiff **GLD** is a qualified individual with a disability pursuant to the <u>Americans with Disabilities Act or 1990</u>, 42 U.S.C §12101, et seq. ["ADA"], §504 of the <u>Rehabilitation Act of 1973</u>, 29 U.S.C. §794 and the <u>Education Amendments of 1972</u>, 20 U.S.C. §1681(a), et. seq. ["Title IX"].

40. At all times relevant, the infant plaintiff **GLD** met all criteria under applicable New York City, New York State and federal laws, statutes, codes, regulations and guidelines for designation as a developmentally-disabled minor and entitled to all the rights and benefits associated with such designation.

41. At all times relevant, and on or about February 13, 2018, the infant plaintiff suffered from events of violence, sexual assault, intimidation, harassment, sexual harassment, threats of violence, unwanted sexual advances, misconduct and outrageous conduct, negligence, carelessness and recklessness on the part of defendant **LAM/KM/MK** while in the course and scope of his employment as an agent, servant, and/or employee, representative or contractor of defendants.

42. At all times relevant, upon information and belief, and on or about February 13, 2018, the New York City Police Department ["NYPD"] responded to the sexual assault of infant plaintiff **GLD** at the premises commonly known as 1805 University Avenue, Apt.

3D, Bronx NY 10453, conducted an investigation and eventually arrested defendant **LAM/KM/MK.**

43. At all times relevant, upon information and belief, the criminal investigation and arrest of defendant **LAM/KM/MK** was referred to the Bronx County District Attorney's Office. The status of that investigation is unknown to plaintiffs.

44. At all times relevant, upon information and belief, defendant **LAM/KM/MK** has been arrested and charged in the City of New York and charged with multiple offenses since the incident subject of the instant civil action.   The status of those investigations and/or proceedings is unknown to plaintiffs.

First Count

Americans with Disabilities Act or 1990, 42 U.S.C §12101, et seq. ["ADA"]

45. Plaintiffs repeat and reiterate each and every prior allegation as if set forth herein at length.

46. Defendants are recipients of federal funding and each are considered a "public entity" pursuant to 28 C.F.R. §35.104.

47. At all times relevant, infant plaintiff **GLD** was and is a qualified individual with a disability pursuant to the Americans with Disabilities Act or 1990, 42 U.S.C §12101, et seq. ["ADA"].

48. At all times relevant, defendants have acknowledged, and continue to expressly acknowledge, that infant plaintiff **GLD** is a qualified individual with a disability pursuant to the Americans with Disabilities Act or 1990, 42 U.S.C §12101, et seq. ["ADA"].

49. The ADA prohibits discrimination on the basis of disability by public entities; including, but not limited to, all services, programs and activities provided or made available by

state and local governments or any of their instrumentalities or agencies, regardless of their receipt of any federal financial assistance.

50. The ADA defines a person with a disability as someone with "a physical or mental impairment that substantially limits one or more of the major life activities of such individual: a record of such impairment; or being regarded as having such and impairment." 28 C.F.R. § 35.104.

51. Title II of the ADA, in pertinent part, provides: '[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity."

52. At all times relevant, defendants were under a duty to persons, such as plaintiffs, to provide an accessible, safe, welcoming and productive living environment.

53. At all times relevant, defendants were under a duty to persons, including the infant plaintiff **GLD**, to retain, hire, train, maintain, manage, supervise and control their agents, servants and/or employees, representatives and contractors, such as defendant **LAM/KM/MK** in order to prevent physical assault, battery, sexual assault, sexual molestation, sexual harassment and other forms of discrimination; including, but not limited to, that which was perpetrated by defendant "John Doe" upon the infant plaintiff **GLD**.

54. At all times relevant, defendants were under a duty to persons, such as the infant plaintiff **GLD**, to research, create, generate, maintain, modify and evaluate standard operating procedures, protocols, rules, regulations to provide security, prevent discrimination and a violation of a person's civil rights and civil liberties; including but not limited to, unwanted sexual advances, threats of violence, violence, physical

12

assault, battery, sexual assault, sexual molestation, sexual harassment sexual misconduct and other outrageous conduct on the part of their agents, servants and/or employees, representatives and contractors.

55. At all times relevant, defendants otherwise were under a duty to plaintiffs to recognize and prevent discrimination and a violation of a person's civil rights and civil liberties; including but not limited to, unwanted sexual advances, threats of violence, violence, physical assault, battery, sexual assault, sexual molestation, sexual harassment sexual misconduct and other outrageous conduct on the part of their agents, servants and/or employees, representatives and contractors.

56. At all times relevant, defendants were under a duty to persons, such as plaintiffs, to retain, hire, train, educate, monitor, supervise and control their agents, servants and employees whose acts and/or omissions, or deliberate indifference either caused, or substantially contributed to, the aforesaid physical and sexual assaults, discrimination and violations of civil rights and civil liberties.

57. Due to, or as a consequence of, the breaches of duty, discrimination and violations of civil rights and civil liberties aforesaid, the infant plaintiff **GLD** endured unwelcome, severe and pervasive and otherwise offensive physical assault, battery, sexual assault, sexual molestation and sexual harassment at her residential apartment and elsewhere due to the negligence, carelessness, recklessness, deliberate indifference, willful & wanton misconduct, intentional conduct or bad faith failure acts and/or omissions of defendants.

58. As a result of defendants' acts and/or omissions to act as aforesaid, infant plaintiff **GLD** suffered severe and permanent physical, psychological and emotional injuries; including, but not limited to, aggravations and exacerbations of prior and ongoing

physical, psychiatric, psychological and emotional conditions; diffuse physical and bodily injuries, internal injuries, fear, anxiety, stress, anger, depression, diminished cognitive and motor skills, weight gain & weight loss, loss of and/or diminished memory, diminished social skills and functioning and loss of enjoyment of life.

59. Plaintiff **GD** also has suffered the serious, ongoing and permanent loss and/or diminishment of the services, relationship and companionship of her daughter, infant plaintiff **GLD**; including, but not limited to, having incurred, and will continue in the future to incur, the monetary costs & expenses associated with the care of her infant daughter; having expended, and will continue in the future to expend, additional time and effort to care for her infant daughter; and, having incurred, and will in the future continue to incur, serious, ongoing and permanent harm to her usual & customary household, family and employment duties as well as her social activities and other pursuits.

60. Due to, or as a consequence of, the breaches of duty, discrimination and violations of civil rights and civil liberties aforesaid, plaintiffs have suffered damages in an amount to be determined at trial.

**Second Count**

**Violations of §504 of the Rehabilitation Act of 1973**

61. Plaintiffs repeat and reiterate each and every prior allegation as if set forth herein at length.

62. The defendants are recipients of federal funding and each are considered a "public entity" pursuant to 28 C.F.R. §35.104.

63. At all times relevant, infant plaintiff **GLD** was and is a qualified individual with a disability pursuant to §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794.

64. At all times relevant, defendants have acknowledged, and continue to expressly acknowledge, that infant plaintiff **GLD** is a qualified individual with a disability pursuant to §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794.

65. Under §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, a person with a disability is defined as someone having "a physical or mental impairment that substantially limits one or more of the major life activities of such individual; or being regarded as having such impairment." 34 C.F.R. § 104.3.

66. Section 504 provides: "[n]o otherwise qualified individual with a disability...shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance."

67. At all times relevant, defendants were under a duty to persons, such as infant plaintiff **GLD**, to provide an accessible, safe, welcoming and productive living environment.

68. At all times relevant, defendants were under a duty to persons, including the infant plaintiff GLD, to retain, hire, train, maintain, manage, supervise and control their agents, servants and employees, such as defendant **LAM/KM/MK** in order to prevent physical assault, battery, sexual assault, sexual molestation, sexual harassment and other forms of discrimination; including, but not limited to, that which was perpetrated by defendant **LAM/KM/MK** upon the infant plaintiff **GLD**.

69. At all times relevant, defendants were under a duty to persons, such as the infant plaintiff GLD, to research, create, generate, maintain, modify and evaluate standard operating procedures, protocols, rules, regulations to prevent discrimination and a violation of a person's civil rights and civil liberties; including but not limited to, unwanted sexual advances, threats of violence, violence, physical assault, battery,

sexual assault, sexual molestation, sexual harassment sexual misconduct and other outrageous conduct on the part of their agents, servants and/or employees, representatives and contractors.

70. At all times relevant, defendants otherwise were under a duty to plaintiffs to recognize and prevent discrimination and a violation of a person's civil rights and civil liberties; including but not limited to, unwanted sexual advances, threats of violence, violence, physical assault, battery, sexual assault, sexual molestation, sexual harassment sexual misconduct and other outrageous conduct on the part of their agents, servants and/or employees, representatives and contractors.

71. At all times relevant, defendants were under a duty to persons to retain, hire, train, educate, monitor, supervise and control their agents, servants and/or employees, representatives and contractors, whose acts and/or omissions, or deliberate indifference either caused, or substantially contributed to, the aforesaid physical and sexual assaults, discrimination and violations of civil rights and civil liberties.

72. Due to, or as a consequence of, the breaches of duty, discrimination and violations of civil rights and civil liberties aforesaid, the infant plaintiff **GLD** endured unwelcome, severe and pervasive and otherwise offensive physical assault, battery, sexual assault, sexual molestation and sexual harassment at her school due to the negligence, carelessness, recklessness, deliberate indifference, willful & wanton misconduct, intentional conduct or bad faith failure acts and/or omissions of defendants.

73. As a result of defendants' acts and/or omissions to act as aforesaid, infant plaintiff **GLD** suffered severe and permanent physical, psychological and emotional injuries; including, but not limited to, aggravations and exacerbations of prior and ongoing physical, psychiatric, psychological and emotional conditions; diffuse physical and

bodily injuries, internal injuries, fear, anxiety, stress, anger, depression, diminished cognitive and motor skills, weight gain & weight loss, loss of and/or diminished memory, diminished social skills and functioning and loss of enjoyment of life.

74. Plaintiff **GD** also has suffered the serious, ongoing and permanent loss and/or diminishment of the services, relationship and companionship of her daughter, infant plaintiff **GLD**; including, but not limited to, having incurred, and will continue in the future to incur, the monetary costs & expenses associated with the care of her infant daughter; having expended, and will continue in the future to expend, additional time and effort to care for her infant daughter; and, having incurred, and will in the future continue to incur, serious, ongoing and permanent harm to her usual & customary household, family and employment duties as well as her social activities and other pursuits.

75. Due to, or as a consequence of, the breaches of duty, discrimination and violations of civil rights and civil liberties aforesaid, plaintiffs have suffered damages in an amount to be determined at trial.

### Third Count

### Education Amendments of 1972, 20 U.S.C. §1681(a), et. seq. ["Title IX"]

76. Plaintiffs repeat and reiterate each and every prior allegation as if set forth herein at length.

77. The defendants are recipients of federal funding and each are considered a "public entity" pursuant to 28 C.F.R. §35.104.

78. At all times relevant, infant plaintiff **GLD** was and still is a person with a disability pursuant to Title IX.

79. At all times relevant, defendants have acknowledged, and continue to expressly acknowledge, that infant plaintiff **GLD** is a qualified individual with a disability pursuant to Title IX.

80. Title IX provides: "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving federal financial assistance." 20 U.S.C. §1681(a).

81. Physical assault, battery, sexual assault, sexual molestation and sexual harassment are considered discrimination under the Education Amendments of 1972, 20 U.S.C. §1681(a), et. seq. ["Title IX"].

82. At all times relevant, defendants were under a duty to persons, such as infant plaintiff **GLD**, to provide an accessible, safe, welcoming and productive living environment.

83. At all times relevant, defendants were under a duty to persons, including the infant plaintiff **GLD**, to retain, hire, train, maintain, manage, supervise and control their agents, servants and/or employees, representatives and contractors, such as defendant "John Doe," in order to prevent physical assault, battery, sexual assault, sexual molestation, sexual harassment and other forms of discrimination; including, but not limited to, that which was perpetrated by defendant **LAM/KM/MK** upon the infant plaintiff **GLD**.

84. At all times relevant, defendants were under a duty to persons, such as the infant plaintiff **GLD**, to research, create, generate, maintain, modify and evaluate standard operating procedures, protocols, rules, regulations to prevent discrimination and a violation of a person's civil rights and civil liberties; including but not limited to, unwanted sexual advances, threats of violence, violence, physical assault, battery,

sexual assault, sexual molestation, sexual harassment sexual misconduct and other outrageous conduct on the part of their agents, servants and/or employees, representatives and contractors.

85. At all times relevant, defendants otherwise were under a duty to plaintiffs to recognize and prevent discrimination and a violation of a person's civil rights and civil liberties; including but not limited to, unwanted sexual advances, threats of violence, violence, physical assault, battery, sexual assault, sexual molestation, sexual harassment sexual misconduct and other outrageous conduct on the part of their agents, servants and/or employees, representatives and contractors.

86. At all times relevant, defendants were under a duty to persons to retain, hire, train, educate, monitor, supervise and control their agents, servants and/or employees, representatives and contractors, whose acts and/or omissions, or deliberate indifference either caused, or substantially contributed to, the aforesaid physical and sexual assaults, discrimination and violations of civil rights and civil liberties.

87. Due to, or as a consequence of, the breaches of duty, discrimination and violations of civil rights and civil liberties aforesaid, the infant plaintiff **GLD** endured unwelcome, severe and pervasive and otherwise offensive physical assault, battery, sexual assault, sexual molestation and sexual harassment at her school due to the negligence, carelessness, recklessness, deliberate indifference, willful & wanton misconduct, intentional conduct or bad faith failure acts and/or omissions of defendants.

88. As a result of defendants' acts and/or omissions to act as aforesaid, infant plaintiff **GLD** suffered severe and permanent physical, psychological and emotional injuries; including, but not limited to, aggravations and exacerbations of prior and ongoing physical, psychiatric, psychological and emotional conditions; diffuse physical and

bodily injuries, internal injuries, fear, anxiety, stress, anger, depression, diminished cognitive and motor skills, weight gain & weight loss, loss of and/or diminished memory, diminished social skills and functioning and loss of enjoyment of life.

89. Plaintiff **GD** also has suffered the serious, ongoing and permanent loss and/or diminishment of the services, relationship and companionship of her daughter, infant plaintiff **GLD**; including, but not limited to, having incurred, and will continue in the future to incur, the monetary costs & expenses associated with the care of her infant daughter; having expended, and will continue in the future to expend, additional time and effort to care for her infant daughter; and, having incurred, and will in the future continue to incur, serious, ongoing and permanent harm to her usual & customary household, family and employment duties as well as her social activities and other pursuits.

90. Due to, or as a consequence of, the breaches of duty, discrimination and violations of civil rights and civil liberties aforesaid, plaintiffs have suffered damages in an amount to be determined at trial.

### Fourth Count

**Violation of the Due Process and Equal Protection Clauses
of the
Fourteenth Amendment to the United States Constitution
via 42 U.S.C. §1983 & §1988**

91. Plaintiffs repeat and reiterate each and every prior allegation as if set forth herein at length.

92. At all times relevant, infant plaintiff **GLD** was and is a qualified individual with a disability pursuant to the <u>Americans with Disabilities Act or 1990</u>, 42 U.S.C §12101,

et seq. ["ADA"], §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 and the Education Amendments of 1972, 20 U.S.C. §1681(a), et. seq. ["Title IX"].

93. At all times relevant, defendants have acknowledged, and continue to expressly acknowledge, that infant plaintiff GLD is a qualified individual with a disability pursuant to the Americans with Disabilities Act or 1990, 42 U.S.C §12101, et seq. ["ADA"], §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 and the Education Amendments of 1972, 20 U.S.C. §1681(a), et. seq. ["Title IX"].

94. For all the reasons set forth in the First Count, Second Count and Third Count aforesaid, defendants' acts and omissions and/or deliberate indifference reflects a custom and practice of condoning, permitting, allowing physical and sexual assaults by their agents, servants and/or employees, representatives and contractors, such as defendant **LAM/KM/MK** such that it shocks the conscience.

95. For all the reasons set forth in the First Count, Second Count and Third Count aforesaid, defendants' refusal and/or neglect to research, create, generate, maintain, modify and evaluate standard operating procedures, protocols, rules, regulations to prevent discrimination and a violation of a person's civil rights and civil liberties; including but not limited to, unwanted sexual advances, threats of violence, violence, physical assault, battery, sexual assault, sexual molestation, sexual harassment sexual misconduct and other outrageous conduct on the part of their agents, servants and employees, representatives and contractors otherwise invites, causes and/or permits such discrimination and violations of civil rights and civil liberties, such that it shocks the conscience.

96. Due to, or as a consequence of, the breaches of duty, discrimination and violations of civil rights and civil liberties aforesaid, the infant plaintiff **GLD** endured unwelcome,

severe and pervasive and otherwise offensive physical assault, battery, sexual assault, sexual molestation and sexual harassment at her school due to the negligence, carelessness, recklessness, deliberate indifference, willful & wanton misconduct, intentional conduct or bad faith failure acts and/or omissions of defendants.

97. As a result of defendants' acts and/or omissions to act as aforesaid, infant plaintiff GLD suffered severe and permanent physical, psychological and emotional injuries; including, but not limited to, aggravations and exacerbations of prior and ongoing physical, psychiatric, psychological and emotional conditions; diffuse physical and bodily injuries, internal injuries, fear, anxiety, stress, anger, depression, diminished cognitive and motor skills, weight gain & weight loss, loss of and/or diminished memory, diminished social skills and functioning and loss of enjoyment of life.

98. Plaintiff GD also has suffered the serious, ongoing and permanent loss and/or diminishment of the services, relationship and companionship of her daughter, infant plaintiff GLD; including, but not limited to, having incurred, and will continue in the future to incur, the monetary costs & expenses associated with the care of her infant daughter; having expended, and will continue in the future to expend, additional time and effort to care for her infant daughter; and, having incurred, and will in the future continue to incur, serious, ongoing and permanent harm to her usual & customary household, family and employment duties as well as her social activities and other pursuits.

99. Due to, or as a consequence of, the breaches of duty, discrimination and violations of civil rights and civil liberties aforesaid, plaintiffs have suffered damages in an amount to be determined at trial.

### Fifth Count

### Negligence/Negligent Supervision/Negligent Infliction of Emotional Distress

100.     Plaintiffs repeat and reiterate each and every prior allegation as if set forth herein at length.

101.     At all times relevant, defendants were under a duty to plaintiff, **GLD**, pursuant to New York law, to act as reasonably prudent persons and entities given the circumstances then and there existing to prevent, recognize and/or stop the discrimination and violations of civil rights and civil liberties noted aforesaid.

102.     At all times relevant, as public entities, defendants were under a special duty to plaintiffs, in loco parentis, to act prudently as reasonable public entities, authorities, administrators and personnel, to prevent, recognize and/or stop the discrimination and violations of civil rights and civil liberties noted aforesaid.

103.     At all times relevant, defendants either caused or created the dangerous conditions and situations, discrimination and violations of civil rights and civil liberties aforesaid either neglected or refused to timely remedy same.

104.     At all times relevant, defendants had actual and/or constructive notice of the dangerous conditions and situations, discrimination and violations of civil rights and civil liberties aforesaid either neglected or refused to timely remedy same.

105.     Due to, or as a consequence of, the breaches of duty, discrimination and violations of civil rights and civil liberties aforesaid, the infant plaintiff **GLD** endured unwelcome, severe and pervasive and otherwise offensive physical assault, battery, sexual assault, sexual molestation and sexual harassment at her school due to the negligence, carelessness, recklessness, deliberate indifference, willful & wanton

—

misconduct, intentional conduct or bad faith failure acts and/or omissions of defendants.

106.    As a result of defendants' acts and/or omissions to act as aforesaid, infant plaintiff **GLD** suffered severe and permanent physical, psychological and emotional injuries; including, but not limited to, aggravations and exacerbations of prior and ongoing physical, psychiatric, psychological and emotional conditions; diffuse physical and bodily injuries, internal injuries, fear, anxiety, stress, anger, depression, diminished cognitive and motor skills, weight gain & weight loss, loss of and/or diminished memory, diminished social skills and functioning and loss of enjoyment of life.

107.    Plaintiff **GD** also has suffered the serious, ongoing and permanent loss and/or diminishment of the services, relationship and companionship of her daughter, infant plaintiff **GLD**; including, but not limited to, having incurred, and will continue in the future to incur, the monetary costs & expenses associated with the care of her infant daughter; having expended, and will continue in the future to expend, additional time and effort to care for her infant daughter; and, having incurred, and will in the future continue to incur, serious, ongoing and permanent harm to her usual & customary household, family and employment duties as well as her social activities and other pursuits.

108.    Due to, or as a consequence of, the breaches of duty, discrimination and violations of civil rights and civil liberties aforesaid, plaintiffs have suffered damages in an amount to be determined at trial.

Wherefore, plaintiffs respectfully demand a trial by jury seeking judgment in their favor as follows:

1.  On the **First Count** pursuant to the **Americans with Disabilities Act of 1990**, for actual and compensatory damages for their economic and non-economic loss, for punitive and exemplary damages where applicable and for all costs, fees & disbursements, including attorneys' fees, plus interest and costs of suit.

2.  On the **Second Count** for discrimination in violation of **Section 504 of the rehabilitation Act of 1973**,  for actual and compensatory damages for their economic and non-economic loss, for punitive and exemplary damages where applicable and for all costs, fees & disbursements, including attorneys' fees, plus interest and costs of suit.

3.  On the **Third Count** for discrimination in violation of **Title IX of the Educational Amendments Act of 1972**, for actual and compensatory damages for their economic and non-economic loss, for punitive and exemplary damages where applicable and for all costs, fees & disbursements, including attorneys' fees, plus interest and costs of suit.

4.  On the **Fourth Count** for discrimination in violation of the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution, for actual and compensatory damages for their economic and non-economic loss, for punitive and exemplary damages where applicable and for all costs, fees & disbursements, including attorneys' fees For attorneys' fees pursuant to **42 U.S.C. 1983 and 42 U.S.C. 1988(b)**, plus interest and costs of suit.

5.  On the **Fifth Count** for negligence/negligent supervision/negligent infliction of emotional distress, for actual and compensatory damages for their economic and non-

economic loss, for punitive and exemplary damages where applicable and for all costs, fees & disbursements, including attorneys' fees, plus interest and costs of suit.

6. For attorneys' fees where otherwise available to plaintiffs, pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988(b).

7. For punitive and exemplary damages, where applicable, and for all costs, fees & disbursements, including attorneys' fees, plus interest and costs of suit.

8. For injunctive relief as this Honorable Court may deem just and proper.

9. For such other and further relief as This Honorable Court deems just and proper.

### Jury Demand

Plaintiffs demand a trial by jury on all issues pursuant to the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 21, 2019
New York, New York

Respectfully submitted.

**The Mandel Law Firm**
370 Lexington Avenue, Suite 505
New York, NY 10017
212.697.7383 phone
212.681.6157 fax
wboyle@mandellawfirm.com

by: William M. Boyle [WMB7312]

**Attorneys for plaintiffs GLD, an infant by her mother and natural guardian, GD, and GD, individually, plaintiffs.**