UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GLD, an infant, by her mother and natural guardian, GD, and GD, individually,

                                Plaintiffs,

-against-

THE CITY OF NEW YORK, NYC HUMAN RESOURCES ADMINISTRATION, NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES, THE ADMINISTRATION OF CHILDREN SERVICES, CHILDREN'S RESCUE FUND and KESTER A. MARCUS, an individual agent, servant and/or employee, representative or contractor of the named defendants,

                                Defendants.

------------------------------------------------------------------------ x

**STIPULATION AND PROTECTIVE ORDER**

19 CV 04314 (AT)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/11/2019

**WHEREAS**, Plaintiff GD, individually and on behalf of her infant child GLD ("Plaintiffs"), commenced this action on or about May 13, 2019;

**WHEREAS**, Plaintiffs filed a Third Amended Complaint on September 30, 2019 against defendants City of New York, New York City Human Resources Administration, New York City Department of Homeless Services, Administration for Children's Services (collectively, "City Defendants), and Children's Rescue Fund (together with Plaintiffs and City Defendants, the "Parties"; each party individually shall be designated in this Stipulation and Protective Order as a "Party");[1]

**WHEREAS**, the Parties are engaged in discovery in this action that requires the production of some documents and information that Plaintiffs, City Defendants, and/or Children's Rescue Fund deem to be confidential;

---

[1] Kester A. Marcus ("KAM") is also a named defendant but has not yet appeared in this action.

**WHEREAS**, this Stipulation and Protective Order is intended to allow the producing party to designate various materials as confidential, and to limit the use and re-disclosure of those documents or that information;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, through their undersigned counsel, as follows:

1. As used herein, "Confidential Material" shall mean the following documents, whether or not embodied in any physical or electronic medium, and any and all information contained within those documents: (i) any investigative or case files maintained by New York City Administration for Children's Services ("ACS"); (ii) all documents containing personally identifying information, contact information (including, without limitation, personal email addresses), employment history or family history of any present or former employee of the City of New York, (iii) personnel files (including, without limitation, disciplinary records) of any present or former employee of the City of New York and Children's Rescue Fund, with the exception of defendant KAM; (iv) all medical, mental health or substance abuse information; (v) all reports made, any information obtained, reports written, or photographs taken concerning reports of child abuse or neglect, and findings reported to the Statewide Central Register of Child Abuse and Maltreatment (N.Y. Social Services Law § 422); (vi) all foster care and family court records; (vii) all telephone, texts and social media records of Plaintiffs; and (viii) any other documents or information that the Parties' counsel agree to, in writing, be confidential; or (ix) any other category of information given confidential status by this Court after the date of this Order.

2. Any Party required to produce documents (the "producing Party") may designate documents that it produces or discloses in this action, or information contained within those

documents, as "Confidential Materials" by writing or stamping "CONFIDENTIAL" on each page containing such information that it sends to the receiving Party (the "receiving Party").

3. No document or information shall be deemed "Confidential Material" to the extent that it is (i) lawfully obtained by the receiving Party from a source other than the producing Party, either before or after receipt from the producing Party; or (ii) otherwise publicly available.

4. The inadvertent production of Confidential Material without appropriate designation of confidentiality shall not be deemed a waiver of any claim of its status as Confidential Material. Upon receiving reasonable notice from the producing Party that the produced Confidential Material has not been appropriately designated, all such information shall be re-designated promptly as Confidential Material and treated accordingly.

5. A receiving Party and their counsel shall not use any Confidential Material for any purpose other than for the preparation or presentation of the Plaintiffs' case in this action, or for the preparation or presentation of the City Defendant's and Children's Rescue Fund's defense of this action, and shall not produce or disclose Confidential Material to any third-party, except pursuant to the terms of paragraph 6 below.

6. Unless otherwise ordered by the Court or agreed to by the Parties' counsel in writing, Confidential Material may be disclosed only to:

    a. counsel representing the Parties, persons acting under counsel's supervision, and employees and independent contractors of counsel who are directly involved in the preparation, litigation or defense of this action;

    b. the individual Parties to this action, and officers or employees of any named Party who is either required by such Party or requested by counsel

to assist in the preparation, litigation, or defense of this action;

c. the Parties' experts and consultants, as necessary for the preparation, litigation, or defense of this action in accordance with the procedures set forth in Paragraph 8 of this Stipulation and Protective Order;

d. any deponent, witness, or potential deponent or potential witness, for purposes of investigation, preparation, deposition, or trial in this action only, who authored or otherwise had access to and familiarity with the document or information at the time of its original creation and use, or had familiarity with or possessed knowledge of facts and circumstances of the action to which the document or information relates in accordance with the procedures set forth in Paragraph 8 of this Stipulation and Protective Order;

e. any other person as to whom the Parties agree in writing in accordance with the procedures set forth in Paragraph 8 of this Stipulation and Protective Order;

f. court reporters, as necessary for the conduct of this litigation; and

g. the Court, pursuant to the provisions of Paragraph 10 of this Stipulation and Protective Order.

7. As used herein, disclosure of Confidential Material by a receiving Party includes the written or oral transmission of the document or information designated as Confidential Material.

8. Any Party in possession of Confidential Material may disclose such material and/or the information contained therein, to a person identified in sub-paragraphs 6(c), 6(d),

and/or 6(e) of this Stipulation and Protective Order only after: (a) advising such person that, pursuant to this Stipulation and Protective Order, he or she may not divulge Confidential Material to any other individual or entity; and (b) such person executes a Non-Disclosure Agreement in the form annexed hereto as Exhibit A. The receiving Party shall retain each signed Non-Disclosure Agreement and provide a copy of each signed Non-Disclosure Agreement to the producing Party upon request and before any person to whom such Confidential Material is disclosed is permitted to testify (at deposition or trial).

9. The terms of this Stipulation and Order shall not apply to the disclosure of documents or information that does not constitute Confidential Material.

10. Deposition testimony concerning any Confidential Material that reveals the contents of such material shall be deemed confidential, and the portions of the transcript that includes such testimony, together with any exhibits consisting of Confidential Material, shall be prominently marked "CONFIDENTIAL." These portions of the transcript shall be deemed to be Confidential Material within the meaning of this Stipulation and Protective Order. In addition, those portions of the transcript concerning any Confidential Material shall be deemed designated as such: (a) if counsel so states before the close of the record at a deposition, or (b) upon written notice to all counsel, designating the page and line, within fifteen days of receipt of the transcript. Counsel shall not disclose the deposition transcript before expiration of said fifteen day period to any person who has not previously signed the form attached as Exhibit A.

11. If a Party seeks to file papers with the Court that incorporate Confidential Material or reveal the contents thereof, he or she shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing the Confidential Material and shall indicate whether the other Party objects to that request. No materials shall be

filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

12. A receiving Party who believes that a producing Party has designated information "Confidential" that is not entitled to such protection may write a letter to the producing Party's counsel asking that the Confidential Material designation be removed or modified and explaining the reason(s) why the receiving Party does not believe that the information is entitled to the designated protection. The producing Party shall have a reasonable time under the circumstances in which to respond to the receiving Party either by removing or modifying the confidentiality designation or by providing the reason(s) why the producing Party believes that the confidentiality designation is proper. If the producing Party does not respond or refuses to remove or modify the confidentiality designation, the receiving Party may seek relief from the Court.

13. Nothing in this Stipulation and Protective Order will prevent any Party from producing any Confidential Material in their possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing Party deems it appropriate to do so.

14. This Stipulation and Protective Order shall be without prejudice to the right of any Party to oppose production of any document or information on any and all grounds other than confidentiality.

15. Within 30 days after the termination of this case, including any appeals, any Confidential Material, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to counsel for the producing Party or, upon the written consent of the producing Party's counsel, shall be destroyed, except that counsel for the Parties may each retain one copy of any deposition transcript and one final copy of all papers filed with the Court that contain or refer to Confidential Material, which would otherwise be subject to the terms of this paragraph. Such papers and deposition transcripts which may be retained in accordance with this paragraph shall be conspicuously marked "Contains Confidential Material Subject to Protective Order." All persons who have received or who have possessed Confidential Material pursuant to paragraph 6(a)–(e) shall verify the return or destruction of those Confidential Materials (with the exception set forth in the previous sentence in this paragraph) by affidavit furnished to counsel for the producing Party.

16. Nothing in this Stipulation and Protective Order shall be construed to limit Defendants' use of Confidential Material in any manner.

17. The Parties reserve the right to individually seek modification of this Stipulation and Protective Order by application to the Court for good cause shown.

18. Electronic or faxed copies of signatures of this Stipulation and Protective Order shall have the same force and effect as original signatures.

Dated: New York, New York
December _10_, 2019

William M. Boyle
The Mandel Law Firm
*Attorney for Plaintiffs*
370 Lexington Avenue, Suite 505
New York, New York 10017
(212) 697-738
wboyle@mandellawfirm.com

By: /s/ William M. Boyle
William M. Boyle

Carl M. Perri
Clausen Miller P.C.
*Attorney for Defendant Children's Rescue Fund*
28 Liberty Street, 39th Floor
New York, NY 10005
CPERRI@clausen.com

By: /s/ Carl M. Perri
Carl M. Perri

JAMES E. JOHNSON
Corporation Counsel of the City of New York
*Attorney for City Defendants*
100 Church Street
New York, New York 10007
(212) 356-4377
Fax: (212) 356-2089
lkorolev@law.nyc.gov

By: /s/ Lana Koroleva
Lana Koroleva
Assistant Corporation Counsel

SO ORDERED:

Dated: December 11, 2019
New York, New York

/s/ Analisa Torres
HONORABLE ANALISA TORRES
UNITED STATES DISTRICT JUDGE

8

## EXHIBIT A

I, _____, the undersigned, hereby swear under penalty of perjury that I have read the Stipulation and Protective Order (the "Order") entered in the United States District Court for the Southern District of New York dated December ____, 2019, in the action titled GLD et al. v. The City of New York, et. al., 19-CV-04314 (AT) and understand the terms thereof. I agree not to use the Confidential Material defined therein for any purpose other than in connection with the prosecution or defense of that case, and will not further disclose the Confidential Material except in testimony taken in that case. I aver that the Confidential Material and any copies, notes, or other records that I make regarding the Confidential Material shall not be used or disclosed by me or my agents to others.

Dated: _____

_____
Signature

_____
Name (Printed)

_____
Occupation