UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLD, an infant, by her mother and natural guardian, GD, and GD, individually,

                         Plaintiffs,

-against-

THE CITY OF NEW YORK, NYC HUMAN RESOURCES ADMINISTRATION, NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES, THE ADMINISTRATION OF CHILDREN SERVICES, CHILDREN'S RESCUE FUND and KESTER A. MARCUS, an individual agent, servant and/or employee, representative or contractor of the named defendants,

                         Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/27/2020_

19 Civ. 4314 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiffs, GLD and her mother GD, bring this action against Defendants, the City of New York (the "City"), three City agencies, the Children's Rescue Fund, and Kester A. Marcus, asserting five causes of action arising out of alleged assaults suffered by GLD on two separate occasions: (1) violation of 42 U.S.C. § 1983, (2) violation of § 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), (3) violation of Title II of the Americans with Disabilities Act of 1990 (the "ADA"), (4) negligent hiring and supervision, and (5) negligent infliction of emotional distress. Third Amended Complaint ("TAC") ¶¶ 76–147, ECF No. 76. The City, and its Human Resources Administration, Department of Homeless Services, and Administration for Children's Services (together, the "City Defendants") move to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 88; Def. Mem. at 1, ECF No. 90. For the reasons stated below, the City Defendants' motion is GRANTED.

## BACKGROUND

The following facts are taken from the TAC and "are presumed to be true for purposes of considering a motion to dismiss for failure to state a claim." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015).

GLD is a minor with bipolar disorder. TAC at 1; *see id.* ¶¶ 29–30. On February 14, 2018, at the age of fourteen, she suffered two separate instances of sexual assault. *Id.* at 1–5. At that time, Plaintiffs resided in a homeless shelter operated by the Children's Rescue Fund. *Id.* ¶¶ 13, 29, 33. The first incident occurred when Defendant Kester A. Marcus, a safety monitor, sexually assaulted GLD in her residence. *Id.* at 2, ¶ 57. That same day, the Administration for Children's Services removed GLD to the "Children's Center," a facility operated by the City. *Id.* ¶¶ 68–69. GLD left the Children's Center, but GD was not notified. *Id.* ¶ 70. After leaving the Children's Center, GLD was sexually assaulted again, by a different individual. *Id.* ¶ 71.

## DISCUSSION

I. <u>12(b)(6) Standard</u>

   A. Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Ultimately, the facts pleaded in the

complaint "must be enough to raise a right to relief above the speculative level." *Id.* A court must accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

II.     Analysis

    A.  *Monell* Claims

Plaintiffs seek to hold the City Defendants liable for constitutional violations under 28 U.S.C. § 1983. Pursuant to the Supreme Court's decision in *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a municipality is liable under § 1983 "only if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." *Cash v. Cty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011)). Under *Monell*, a municipality cannot be held vicariously liable for the illegal actions of its employees; rather, a "plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury." *Id.* (internal quotation marks and citations omitted). To prevail on such a claim, therefore, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." *Id.* (quoting *Connick*, 561 U.S. at 60).

In order for municipal liability to attach for alleged constitutional violations, a plaintiff must prove: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell*, 436 U.S. at 690–91). "The fifth element—the 'official policy' element—can only be satisfied where a plaintiff proves that a 'municipal policy of some nature caused a constitutional tort.'" *Id.* (quoting *Monell*, 436 U.S. at 691). "In other words, a municipality may not be found

liable simply because one of its employees committed a tort." *Id.* (quoting *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 405 (1997)).

The City Defendants argue that the complaint fails to state a claim for municipal liability. Def. Mem. at 6–11. The Court agrees. Plaintiffs have not alleged any facts which establish that a municipal policy or custom caused GLD harm. *See* TAC ¶¶ 74, 81–84 (reciting conclusory theories of municipal liability). "[T]he mere assertion that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Montero v. City of Yonkers, New York*, 890 F.3d 386, 403–04 (2d Cir. 2018) (internal quotation marks, citation, and alterations omitted).

Accordingly, the City Defendants' motion to dismiss the § 1983 claims is GRANTED.

B. ADA and Rehabilitation Act Claims

To assert a claim under the ADA or the Rehabilitation Act for discrimination in public services, a plaintiff must demonstrate that (1) she is a qualified individual with a disability, (2) the defendant is subject to the ADA or the Rehabilitation Act, and (3) she was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant because of her disability. *McElwee v. Cty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012).

The City Defendants argue that the complaint fails to allege that GLD was discriminated against because of her disability. Def. Mem. at 17. The Court agrees. Plaintiffs allege that GLD is a qualified individual with a disability and that Defendants are subject to the ADA and the Rehabilitation Act. TAC ¶¶ 29, 95–96, 116–117. But they do not allege that GLD was denied participation in a service or program because of her disability or that the City Defendants discriminated against her because of her disability. To counter Defendants' argument, Plaintiffs

4

claim that Plaintiff GLD would not have suffered assault "but for [the City Defendants'] refusal and neglect to carry out their duties."  Pl. Opp. at 23, ECF No. 97; *see id.* at 22.  However, Plaintiffs do not link the City Defendants' alleged failures to discrimination based on GLD's disability.

Accordingly, Defendant's motion to dismiss the ADA and Rehabilitation Act claims is GRANTED.

### C.  Negligence Claims

Plaintiffs also allege violations of New York state law and seek damages for negligence, negligent hiring and supervision, and negligent infliction of emotional distress.  TAC ¶¶ 137–147.  Having dismissed their federal law claims against the City Defendants, the Court declines to exercise supplemental jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367(c).  *See Pension Benefit Guar. Corp. ex rel. Saint Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.,* 712 F.3d 705, 727 (2d Cir. 2013) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." (internal quotation marks and citation omitted)); *Powell v. Gardner,* 891 F.2d 1039, 1047 (2d Cir. 1989) ("[I]n light of the proper dismissal of the § 1983 claim against the [c]ounty, the district court should have declined to exercise pendent jurisdiction over [the plaintiff's] state-law claims against the [c]ounty.").

Accordingly, Plaintiffs' state law claims against the City Defendants are DISMISSED without prejudice to renewal in state court.

## CONCLUSION

For the foregoing reasons, the City Defendants' motion to dismiss the TAC is GRANTED.

The Clerk of Court is directed to terminate the motion at ECF No. 88.

SO ORDERED.

Dated: August 27, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge